U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 0 6 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITH D. MATTHEWS     PLAINTIFF

v.     CASE NO.: 09-5095

DUSTIN ROBERTS, Deputy Prosecutor; and
MARK BOOKER, Deputy Prosecutor     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Keith Matthews brings this action against Deputy Prosecutors Dustin Roberts and Mark Booker. The clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* request be denied and his Complaint be dismissed.

District courts are required to carefully screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915. More specifically, 28 U.S.C. § 1915(e)(2) states that a court shall dismiss an action in which a party is proceeding *in forma pauperis* if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted.

There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed *in forma pauperis*. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915(d), frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856,

857 (8th Cir. 1982).

In his affidavit, Plaintiff states he only receives funds into his inmate account from his aunt. The records from the Washington County Detention Center show his balance and deposits averaged about fifty ($50.00) dollars a month. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

Further, plaintiffs' tendered complaint is inadequate and fails to state a claim – failing the second step of the Court's *in forma pauperis* considerations. Plaintiff names Deputy Prosecuting Attorneys as Defendants to this case. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Plaintiff states no constitutional harm he has suffered from his name allegedly appearing in the newspaper. His Complaint is merely a recounting of an article which was allegedly written about him. The connection of the Defendants to this article is uncertain. Further, Plaintiff does not state what constitutional harm he has suffered from these alleged acts.

Construing Plaintiff's *pro se* complaint in the light most favorable to him and taking all well-pleaded allegations as true, Plaintiff cannot make a rational argument on the law or facts to support a constitutional claim. *See Martin-Trigona*, 691 F.2d at 858. Therefore, plaintiff's complaint is

frivolous on its face.

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and plaintiffs' complaint be dismissed without prejudice.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of May 2009.

/s/ Marschewski

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE